UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHAW,

    Plaintiff,

v.                                                    Case No. 04-75062
                                                     Hon. Sean F. Cox

MRO SOFTWARE, INC.,

    Defendant.

_____

**ORDER**

This matter is before the Court on Defendant's Motion to amend answer to add counterclaim. For the following reasons, the Court **GRANTS** Defendant's Motion.

### I. BACKGROUND

This action arises out of Defendant's alleged failure to pay sales commissions to Plaintiff consistent with Plaintiff's separation agreement.

Plaintiff worked for Defendant as a senior sales consultant from November 15, 1998 to September 30, 2004. Defendant is a provider of strategic asset management and software solutions. On July 21, 2004, the parties entered into a separation agreement which governed Plaintiff's employment until his termination on September 30, 2004.

Plaintiff claims he was not paid the commissions contemplated by the agreement. On December 28, 2004, Plaintiff filed a Complaint alleging: (1) breach of contract based on a sale to Delphi; (2) breach of contract based on a sale to General Motors; (3) violation of the Michigan Sales Representative Act; (4) anticipatory breach; and, (5) fraud. Defendant filed an Answer on

1

February 8, 2005.

On July 13, 2006, Defendant filed a Motion to amend Answer to add counterclaim.

## II. STANDARD OF REVIEW

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). "The clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." *Budd Company v. Travelers Indemnity Company*, 820 F.2d 787, 791 (6th Cir. 1987).

## III. ANALYSIS

"In exercising its discretion under Rule 13(f), the district court must balance the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Budd Company*, 820 F.2d at 792 (citation omitted). Courts are hesitant to deny amendment, even at late stages of the proceedings, when "the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated." *Id*.

In this case, Plaintiff was aware of Defendant's contention that Plaintiff breached the separation agreement. At Plaintiff's deposition on February 17, 2006, defense counsel questioned Plaintiff on when he returned company property and whether he printed emails from his company computer. [Motion, Exhibit B]. Further, counsel inquired into Plaintiff's understanding of the separation agreement and Plaintiff responded that he understood he was supposed to give back company property on the day he was terminated. *Id*. Moreover,

Defendant explicitly made the argument that Plaintiff breached the separation agreement, and thus forfeited his commissions, in its Motion for summary judgment filed approximately two months before the Motion to amend. [Doc. 25].

Plaintiff argues he would be prejudiced by the amendment because it would require further discovery and prolong trial.  However, Plaintiff fails to identify any lengthy discovery that would be necessary, and trial has already been adjourned to a later date.        Plaintiff also argues an amendment would be futile.  In the context of amendments to complaints, although FRCP 15(a) declares that leave to amend shall be freely given when justice so requires, when amendment is futile, leave should be denied.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  "In reviewing for 'futility' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  *Id*.  *See also Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) and *Bauer v. RBX Industries, Inc*., 368 F.3d 569, 585 (6th Cir. 2004).  The same standard should apply to amendments to add counterclaims.

"Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).  The court must construe the complaint in a light most favorable to the plaintiff, and accept all of his factual allegations as true.  *Id*.  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Id*.

The separation agreement provides that it is governed by Massachusetts law.  Under

Massachusetts law, the elements of breach of contract are: (1) a valid and binding agreement; (2) breach of that agreement; and (3) damages from the breach. *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115, 1122 (1st Cir. 1995). Defendant claims Plaintiff admitted he breached the separation agreement during his deposition by testifying that he was aware he was supposed to return company property the day he was terminated, but failed to do so. The separation agreement provides that breach of the requirement to return company property is material.

Defendant's claim for breach of contract is sufficient to withstand a motion to dismiss. Although Plaintiff contends Defendant did not establish damages related to the breach, Defendant asserts the forfeiture of commissions is a liquidated damages clause. Under Massachusetts law, "a liquidated damages provision will be enforced when, at the time the agreement was made, potential damages were difficult to determine and the clause was a reasonable forecast of damages expected to occur in the event of a breach...[c]onversely, liquidated damages will not be enforced if the sum is grossly disproportionate to a reasonable estimate of actual damages made at the time of contract formation." *Tal Financial Corporation v. CSC Consulting, Inc.*, 446 Mass. 422, 431 (2006). "Determining the validity of a liquidated damages clause is usually a fact-specific exercise." *Honey Dew Associates, Inc. v. M&K Food Corporation*, 241 F.3d 23, 28 (1st Cir. 2001). Given that Plaintiff was in a sales position involving lucrative contracts, the liquidated damages clause is not per se unreasonable.

In addition, Defendant argues its claim is compulsory because it arises out of the same contract Plaintiff is suing under. See Fed.R.Civ.P. 13(a). Leave to amend should be freely granted where a party seeks to add a compulsory counterclaim. *Budd Company*, 820 F.2d at 792 n.3 (6th Cir. 1987).

A balancing of the equities weighs in favor of Defendant. Plaintiff would not be prejudiced by the addition of a claim for breach of the separation agreement. Plaintiff had an indication that Defendant may pursue an action for breach based on the failure to timely return company property. And, there is time to complete further discovery without delaying trial. Additionally, the discovery Plaintiff identifies is minimal, most could be handled with an Interrogatory. The claim Defendant seeks to add arises out of the same transaction and would withstand a motion to dismiss.

Accordingly, the Court grants Defendant's Motion to add a counterclaim.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to amend Answer to add counterclaim.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: September 27, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2006, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**